IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| PATRICIA RITCHIE<br>    Plaintiff | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 2:16-cv-00045 |
| STATE FARM LLOYDS<br>AND BRANDI ESCHER<br>    Defendants | §<br>§<br>§<br>§ | |

### STATE FARM LLOYDS' NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

STATE FARM LLOYDS ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

*Procedural Background*

1. On February 5, 2016, Plaintiff, via her counsel, Ben Crowell of Speights & Worrich, filed her Original Petition in the matter entitled Cause No. 16-02-32598-MCV; *Patricia Ritchie v. State Farm Lloyds and Brandi Escher;* In the 293rd Judicial District Court, Maverick County, Texas.  Plaintiff served State Farm on March 28, 2016.

2. This Notice of Removal is based on the diversity of citizenship of the parties and the amount in controversy.

*Nature of the Suit*

3. This case is a straightforward dispute about whether State Farm paid Plaintiff what she was owed under her homeowner's policy for covered damages to her residence from a hail storm in Eagle Pass, Texas in 2015.  Plaintiff claims State Farm breached the contract and State Farm and Escher breached a duty of good faith and fair dealing, violated the Texas

Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"), committed fraud, conspiracy, aiding and abetting, negligence, gross negligence, and negligent misrepresentation. Plaintiff seeks economic damages, statutory penalties, and attorney's fees. Plaintiff also pleads that Defendants knowingly and intentionally committed deceptive trade practices and unfair insurance practices.

### *Basis for Removal*

4. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. There is complete diversity of citizenship between the proper parties. At the time Plaintiff filed her Original Petition on February 5, 2016, and as of the date of filing this Notice, State Farm was an association of underwriters whose individual underwriters were all residents and citizens of the state of Illinois. Accordingly, at the time of filing of this suit, and through the filing of this Notice, State Farm was and is considered an out-of-state citizen for diversity jurisdiction purposes.

6. Defendant Brandi Escher has been improperly joined, solely to defeat diversity jurisdiction.

7. A defendant may establish improper joinder by proving that the plaintiff will be unable to establish a cause of action against the non-diverse defendant in state court.[1]

8. Citizenship of an improperly joined party, here Brandi Escher, is totally disregarded when determining the court's subject matter jurisdiction.[2] The doctrine of improper

---

[1] *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003).
[2] *Smallwood v. Illinois Cent. R.R. Co.,* 385 F.3d 568, 572 (5th Cir. 2003).

joinder prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant.[3]

9.  Upon information and belief, Plaintiff was a citizen of Texas when she filed her Original Petition, and continues to be a citizen of Texas. (*See* Plaintiff's Original Petition, Section II).

10.  Moreover, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff affirmatively pleads that she currently seeks monetary relief of over $100,000.00 but not more than $200,000.00. (*See* Plaintiff's Original Petition, Section VIII).[4]

*Plaintiff has no Viable Cause of Action Against Escher for*
*Breach of the Duty of Good Faith and Fair Dealing*

11.  Plaintiff alleges that Escher owed Plaintiff a duty of good faith and fair dealing; however, in the insurance context, the duty of good faith and fair dealing arises only when there is a *contract* giving rise to a "special relationship."[5] Without such a contract, there would be no "special relationship" and hence, no duty of good faith and fair dealing.[6]

12.  In the present case, the insurance contract that would give rise to the duty of good faith and fair dealing is between Plaintiff and his insurer, State Farm. Escher is <u>not</u> a party to Plaintiff's insurance contract. Without a contract, Escher does not owe a duty of good faith and

---

[3] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[4] Moreover, In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[4] Here, Plaintiff claims that a wind/hail storm caused damages to her property that Plaintiff insured through State Farm. Plaintiff seeks unspecified damages for State Farm's refusal to fully compensate Plaintiff under the terms of her insurance contract, Policy Number 83-GU52-396.[4] Policy Number 83-GU52-396 is a Texas Homeowner's Policy with coverage limits of $127,200.00 for the dwelling, $95,400.00 for the contents, and coverage for the actual amount of additional living expenses. In addition, Plaintiff seeks statutory penalty provisions under the Texas Insurance Code. Plaintiff also pleads that she is entitled to treble damages under the Texas Insurance Code. Plaintiff also seeks attorney fees for bringing this suit. Thus, given the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.
[5] *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994); *Medistar Twelve Oaks Partners, Ltd. v. American Economy Ins. Co.*, Civil Action No. H–09–38282011, WL 3236192 at *6 (S.D.Tex July 27, 2011).
[6] *Id.*

fair dealing to Plaintiff. As a result, Plaintiff has no viable cause of action against Escher for breach of the duty of good faith and fair dealing.[7]

### *Plaintiff Has No Viable Causes of Action against Escher for Fraud or Statutory Violations of the Texas DTPA or the Texas Insurance Code based on Post-Loss Misrepresentations*

13.  Plaintiff has asserted causes of action for common law fraud and statutory violations of the Texas DTPA and Texas Insurance Code against Escher based on misrepresentation. However, the denial of a claim does not constitute an actionable misrepresentation. *See Texas Mutual Ins. Co. v. Ruttiger*, 2011 WL 3796353, slip op. at *13 (Tex. August 26, 2011) (whether a claim "was factually within the policy's terms" did not constitute a misrepresentation under the Texas Insurance Code as a matter of law). Plaintiff's factual recitations in his petition make it clear that she is complaining about conduct that occurred after the loss.[8] Post-loss misrepresentations do not give rise to DTPA or Insurance Code liability.[9] Statements made in connection with post-loss investigation or handling of a claim can never be actionable misrepresentations because, unlike affirmative representations of coverage, an insured does not rely or "take action" to their detriment based on such statements.[10] As one court recently observed, when a plaintiff's position is that policies have characteristics and involve rights which the carrier is failing to recognize appropriately, "such a failure is

---

[7] Nor does Plaintiff have a viable cause of action against Escher for breach of contract, as Plaintiff seemingly understands, as she has not pled this cause of action against Escher.

[8] *See* Plaintiff's Original Petition at VII C, D, F.

[9] *See Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 200 n. 55 (Tex. 1998), *partly overruled on other grounds by Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000) (citing *Royal Globe Ins. Co. v. Bar Consultants, Inc.*, 577 S.W.2d 688, 694-95 (Tex. 1979)); *Allstate Indem. Co. v. Hyman*, 2006 WL 694014, slip op. at *8 (Tex. App.–Texarkana 2006, no pet.); *Avila v. Loya*, 2005 WL 1902120, slip op. at *5 (Tex. App.–Amarillo 2005, no pet.); *Gulf States Underwriters of La., Inc. v. Wilson*, 753 S.W.2d 422, 430 (Tex. App.–Beaumont 1988, writ denied).

[10] *See Townsend v. State Farm Lloyds*, 1998 WL 724016, slip op. at *2 (Tex. App.–Houston [1st Dist.] Oct. 15, 1998, no pet.) ("These claims [of misrepresentation] are separate and distinct from appellants' claims based on breach of the insurance contract or wrongful denial of coverage."); *Travelers Indem. Co. v. Paige & Assoc. Const. Co.*, 2002 WL 1371065, slip op. at *8 (Tex. App.–Amarillo June 25, 2002, pet. denied) (not designated for publication) (noting that failure to communicate interpretation of policy to insured was fatal to misrepresentation claim).

properly characterized as a breach of contract, not a misrepresentation." *Partain v. Mid-Continent Specialty Ins. Services, Inc.*, 2012 WL 201864, slip op. at *10 (S.D. Tex. Jan. 20, 2012).[11]

14. Consequently, there can be no possibility of recovery for common law fraud or for statutory violations of the Texas DTPA and the Texas Insurance Code based on post-loss misrepresentations. Therefore, Plaintiff's claims against Escher cannot stand and should be dismissed.

### *Plaintiff's Remaining Allegations Against Escher Are Not Sufficient to Support a Cause of Action*

15. Plaintiff's allegations against Escher do not provide a basis in law or fact upon which to assert claims for statutory violations of Chapter 541 of the Texas Insurance Code or the DTPA. Plaintiff's petition fails to allege facts illustrating what actions are attributable to Escher individually—the petition merely states that "Defendants" have committed violations as a near verbatim recitation of portions of Chapters 541 of the Texas Insurance Code and DTPA.[12] Plaintiff must put Defendants on fair notice of the allegations against them and not require Defendants to "glean" the factual basis of such allegations from a list of ambiguous legal conclusions.[13] Here, Plaintiff's petition does not delineate specific allegations as to Escher; rather, Defendants are generically referenced together with no effort to separate the alleged actionable conduct attributable to the insurer versus the adjuster.[14] Such pleading does not provide a reasonable possibility of recovery.[15]

---

[11] As Judge Ellison also held in *Partain*, plaintiffs do not rely on these post-loss representations to their detriment so they cannot be a cause of damages. 2012 WL 201864, slip op. at *7.
[12] *See* Plaintiff's Original Petition at VII G, H.
[13] *See Lakewood Chiropractic Clinic v. Travelers Lloyds Ins. Co.*, Slip Copy, 2009 WL 3602043, at *3-4 (S.D.Tex., October 27, 2009).
[14] *See* Plaintiff's Original Petition at IX, X.
[15] *See Lakewood Chiropractic Clinic*, Slip Copy, 2009 WL 3602043, at *3-4 (holding that the plaintiff's allegations are really "legal conclusions couched as factual allegations" which not do not provide a reasonable possibility of

16. Plaintiff has also alleged negligence and negligent misrepresentation claims against Escher.[16] Again, these claims are a boilerplate recitation of the elements without any individualized factual recitations against Escher. Moreover, negligent claims handling is not a cause of action as a matter of law.[17]

16. Plaintiff has also alleged negligence and negligent misrepresentation claims against Escher.[16] Again, these claims are a boilerplate recitation of the elements without any individualized factual recitations against Escher. Moreover, negligent claims handling is not a cause of action as a matter of law.[17]

### *The Removal is Procedurally Correct*

17. State Farm was first served with the Original Petition in District Court on March 28, 2016. Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

18. Defendant Brandi Escher consents to this Notice of Removal.

19. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

---

recovery); *see also Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-015, 2007 WL 2300331, at *4 (S.D.Tex. Feb.20, 2007) (Miller, J.) (finding virtually identical complaint listing statutory provisions of the Insurance Code and stating that such provisions were violated by the insurance company and adjuster jointly "[did] not sufficiently separate those actions attributable to [the insurance company] from those of [the individual adjuster]"); *Bailey v. State Farm Lloyds*, No. H-00-3638, 2001 WL 34106907, at *4-6 (S.D.Tex. April 12, 2001) (Gilmore, J.) (finding allegations against both the insurance company and the adjusters that apparently denied the plaintiff's claim were "near-verbatim recitation[s]" of the insurance code that did not state a claim against the adjusters personally because there were no facts alleging what acts were attributable to the adjusters as opposed to the insurance company); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D.Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Both Defendants" violated such provisions were "legal conclusions couched as factual allegations," and stating, "The problem plaintiff has with each of these alleged violations is that it has alleged no facts to show that [the adjuster] performed any act that could be construed as a violation of any of the aforementioned sections [of the Insurance Code]."); *Broadway v. Brewer*, No. 4:08-cv-475, 2009 WL 1445449, at *2 (E.D.Tex. May 21, 2009) (finding a petition listing statutory provisions of the Insurance Code that were violated by "Defendants" "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D.Tex. Sept.29, 2008) (finding petition listing violations of the Insurance Code committed by the insurance company and then incorporating those violations against the adjuster did not state a claim against the adjuster because "[n]o specific code violations are attributed to [the adjuster] .... Ultimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code.").

[16] Plaintiff's Original Petition at VII I, J.
[17] *See Wayne Duddlesten, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85 (Tex. App.–Houston [1st Dist.] 2003, pet. denied).

20.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit B.

21.     Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

22.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for the 293rd District Court of Maverick County, Texas, promptly after State Farm files this Notice.

WHEREFORE, STATE FARM LLOYDS requests that this action be removed from the 293rd District Court of Maverick County, Texas to the United States District Court for the Western District of Texas, Del Rio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

Mark A. Lindow
Attorney in Charge
State Bar No. 12367875
LINDOW • STEPHENS • TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
mlindow@lstlaw.com

Of Counsel:

Christopher A. Lotz
State Bar No. 24031630
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)

clotz@lstlaw.com

Margaret F. Brown
State Bar No. 24092181
LINDOW STEPHENS TREAT LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Telecopier: (210) 227-4602
mbrown@lstlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, Del Rio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent on this 27 day of **April 2016**.

Ben Crowell
SPEIGHTS & WORRICH
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232

Mark A. Lindow
Margaret F. Brown