# EXHIBIT A

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

16-02-32598-MCV

## CAUSE NO. _____

| | | |
|---|---|---|
| PATRICIA RITCHIE | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | 293RD JUDICIAL COURT |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | |
| AND BRANDI ESCHER | § | MAVERICK COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Patricia Ritchie, hereinafter referred to as "Plaintiff," complaining of Defendants, State Farm Lloyds and Brandi Escher (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, Patricia Ritchie, is an individual and resident of Texas.

Defendant, State Farm Lloyds ("State Farm"), is a Texas domestic Lloyd's plan insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. It can be served with citation by serving its registered agent, the Corporation Service Company, by certified mail, return receipt requested, at 211 East 7th Street, Suite 620, Austin, TX 78701.

Case 2:16-cv-00045-AM   Document 1-2   Filed 04/27/16   Page 3 of 24
Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

Defendant, Brandi Escher ("Escher"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 2068 Sienna Trail, Lewisville, TX 75067, or wherever else she may be found.

## III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Maverick County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Maverick County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code § 15.032 (see below). Venue is proper and mandatory in Maverick County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

## IV.  CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## V. FACTS

A.   Plaintiff is the owner of insurance Policy Number 83GU52396 issued by Defendant, State Farm (hereinafter referred to as the "Policy").

B.   Plaintiff owned the insured property, which is specifically located at 506 N. Blanco St., Eagle Pass, Maverick County, Texas 78852 on May 7, 2015 (hereinafter referred to as the "Property").

C.   Defendant State Farm or its agent sold the Policy, insuring the Property, to Plaintiff.

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

D.   On or about May 7, 2015, a wind and hailstorm struck the Eagle Pass, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.   Plaintiff submitted a claim to State Farm against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm. Plaintiff asked that State Farm cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.   Defendants have assigned claim number 53-753S-540 to Plaintiff's claim.

G.   Defendant Escher was the agent for State Farm and represented State Farm in regard to Plaintiff's claim. Escher also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim. As such, Escher acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiff's insurance claim. Therefore, Escher is a "person" who is individually liable for her unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA. Furthermore, Escher acted as the agent and representative for State Farm in this claim.

H.   Defendant Escher improperly adjusted the Plaintiff's claim. Defendant Escher conducted a substandard inspection, which is evidenced in her report, which failed to include many of Plaintiff's damages.[1] Her estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Escher misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.[2] Escher made these and other misrepresentations to Plaintiff as well as to State Farm. Plaintiff and State Farm both relied

---

[1] *See Exhibit A: Defendant Escher's Adjustment Report dated November 3, 2015.*
[2] *Id.*

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

on Escher's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Escher's misrepresentations caused State Farm to underpay Plaintiff on her insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property. Escher also advised Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property.[3] This advice was negligent and false because it turns out Plaintiff could not properly repair her Property and prevent future damage by following Escher's advice. Plaintiff's Property has sustained further damages as a result.

I.    Defendants State Farm and Escher misrepresented that the damages caused by the wind and hailstorm were below the policy deductible.[4] However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $26,000.00 and were caused by a covered occurrence.

J.    Defendants State Farm and Escher failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

K.    These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

L.    Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

---

[3] *Id.*
[4] *Id.*

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

M.     Defendant State Farm failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

N.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

O.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

P.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

Q.     Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE
Section 541.060(a)(4).

R.    Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though
Defendants failed to conduct a reasonable investigation.    Specifically, Defendants
performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased,
unfair and inequitable evaluation of Plaintiffs' losses to the Property.  Defendants' conduct
constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS.
CODE Section 541.060 (a)(7).

S.    Defendants failed to meet their obligations under the Texas Insurance Code regarding timely
acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and
requesting all information reasonably necessary to investigate Plaintiff's claim within the
statutorily mandated deadline.  Defendants' conduct constitutes violation of the Texas
Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

T.    Defendants failed to accept or deny Plaintiff's full and entire claim within the statutory
mandated deadline of receiving all necessary information.  Defendants' conduct constitutes
violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE
Section 542.056.

U.    Defendants failed to meet their obligations under the Texas Insurance Code regarding
payment of claim without delay.  Specifically, Defendants have delayed full payment of
Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment
for her claim.  Defendants' conduct constitutes violation of the Texas Insurance Code,
Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

V.     From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

W.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

X.     Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract Against State Farm

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, State Farm has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

## B. Cause of Action for Violation of Section 542 Against State Farm and Escher

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiff's claim, Defendants have automatically violated Section 542 in this case.

## C. DTPA Cause of Action Against State Farm and Escher

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices Against State Farm and Escher**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to

Case 2:16-cv-00045-AM   Document 1-2   Filed 04/27/16   Page 12 of 24

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A.   Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.   Engaging in unfair claims settlement practices;

C.   Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.   Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.   Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.   Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.   Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

Case 2:16-cv-00045-AM   Document 1-2   Filed 04/27/16   Page 13 of 24
Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

## E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against State Farm and Escher

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action.  By its acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.  Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered.  These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

## F.  Cause of Action for Fraud Against State Farm and Escher

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action.  The Defendants, jointly and severally, made false representations and/or false promises to Plaintiff.  These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiff would rely, and upon which Plaintiff did reasonably rely to her detriment.  The

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiff into purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiff's claim.  As a result of the material misrepresentations and omissions upon which Plaintiff detrimentally relied, Plaintiff has suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiff seeks herein, as a result of the Defendants' fraud, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

### G.  Cause of Action for Conspiracy Against State Farm and Escher

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action.  The Defendants were members of a combination of two persons; the object of the combination was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means as set forth in the factual allegations and causes of action detailed above, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing; the Defendants had a meeting of the minds on the object or course of action; one or more of the

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

Defendants committed an unlawful, overt act, including, but not limited to violating the DTPA,

violating Section 542 and 541 of the Texas Insurance Code, committing unfair and deceptive

insurance practices, committing fraud and fraudulent inducement, committing breaches of

contract, and committing breaches of the duty of good faith and fair dealing to further the object

or course of action which, among other things, was intended to deprive the Plaintiff of the

benefit and coverage of the insurance Policy that she purchased; and Plaintiff suffered injury as

a proximate result of the wrongful act(s) and/or omission(s).

The conspiratorial acts committed by the Defendants set forth herein were committed

with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas

Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against

the Defendants.

Plaintiff seeks, as a result of the Defendants' conspiracy as set forth herein, Plaintiff's

actual damages, consequential damages, incidental damages, compensatory damages, mental

anguish damages, punitive damages, pre-judgment interest, post-judgment interest, costs of

court, expenses of the litigation, and reasonable and necessary attorneys' fees through trial and

all appeals in this matter, as allowed by law.

**H.   Cause of Action for Aiding and Abetting Against State Farm and Escher**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and

allegations herein.

### 1. Assisting or Encouraging

The Defendants committed a tort or torts against the Plaintiff, as described and pled for

herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the

Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The other Defendant(s) had knowledge that the primary actor's conduct constituted a tort or torts. The other Defendant(s) had the intent to assist the primary actor in committing the tort(s). The other Defendant(s) gave the primary actor assistance or encouragement. The other Defendant(s)' assistance or encouragement was a substantial factor in causing the tort(s). Therefore, all of the Defendant(s) are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting or encouraging "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting or encouraging "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

### 2. Assisting and Participating

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The primary actor's activity accomplished a tortious result. The

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

other Defendant(s) provided substantial assistance to the primary actor in accomplishing the tortious result. The other Defendant(s)' own conduct, separate from the primary actor's, was a breach of duty to the Plaintiffs. The other Defendant(s)' participation was a substantial factor in causing the tort or torts. Therefore, all of the Defendants are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting and participating "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting and participating "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

## I.  Cause of Action for Negligence and Gross Negligence Against Escher

*Plaintiff realleges and incorporates by reference all previous paragraphs and allegations herein.*

The Defendant Escher was negligent in giving advice to Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property. This advice as to how to repair Plaintiff's Property was negligent because Plaintiff could not properly repair her Property and prevent future damage by following Escher's advice. Plaintiff's Property has sustained further damages as a result. Escher owed a duty to use reasonable care when she

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

undertook to advise the Plaintiff as to how she could repair her Property so as to prevent further damage to the Plaintiff's Property. Defendant Escher breached this legal duty. The breach proximately caused injury to the Plaintiff.

The acts and failures to act set forth herein were committed with gross negligence, as this term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of exemplary damages against the Defendant Escher.

### J. Cause of Action for Negligent Misrepresentation Against Escher

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

Additionally and/or in the alternative, the above and foregoing acts and omissions of Defendant Escher constitute negligent misrepresentations that have caused damages to Plaintiff. Defendant Escher made representations to Plaintiff in the course of Plaintiff's business or in a transaction in which Defendant had an interest. The Defendant supplied false information for the guidance of others, including Plaintiff. The Defendant did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiff. Plaintiff justifiably relied upon such representations, and the Defendant's negligent misrepresentations proximately caused further damages to Plaintiff's Property.

The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendant Escher.

Plaintiff seeks herein, as a result of Defendant's negligent misrepresentations, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental

Electronically Filed at
2/5/2016 2:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

## VII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII.  DAMAGES

The above described acts, omissions, failures and conduct of Defendants has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim.  Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract.  Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees.  In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00 Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

## X. EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section 51.604.

Electronically Filed at
2/5/2016 4:06:44 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

## XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (1).

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _Ben Crowell / w Perm_
BEN CROWELL
Texas State Bar No. 24087360
bcrowell@speightsfirm.com

**ATTORNEY FOR PLAINTIFF**

Electronically Filed at
4/7/2016 9:07:21 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

# LINDOW ▪ STEPHENS ▪ TREAT LLP

### ATTORNEYS

TELEPHONE: (210) 227-2200          ONE RIVERWALK PLACE          MLINDOW@LSTLAW.COM
FACSIMILE:  (210) 227-4602         700 N ST. MARY'S STREET, SUITE 1700
                                   SAN ANTONIO, TEXAS 78205

April 7, 2016

***Via electronic filing***
Maverick County District Clerk
500 Quarry Street, Suite 5
Eagle Pass, Texas 78852

Re:     Cause No. 16-02-32598-MCV; *Patricia Ritchie v. State Farm Lloyds and Brandi
        Escher;* In the 293RD Judicial District Court, Maverick County, Texas.

Attn: Clerk of the Court:

Please be advised that I will be on vacation the following dates:

July 21, 2016 through July 25, 2016.

Therefore, I respectfully request that no matters be set for hearing in the above-referenced matter during this time frame.

Thank you for your professional courtesies and please do not hesitate to call if you should have any questions.

Very truly yours,

Mark A. Lindow

xc:     ***Via facsimile***
        ELECTRONIC FILING

Electronically Filed at
4/7/2016 9:59:22 AM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Veronica Jimenez, Deputy

## CAUSE NO. 16-02-32598-MCV

| | | |
|---|---|---|
| **PATRICIA RITCHIE** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **293rd JUDICIAL COURT** |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **AND BRANDI ESCHER** | § | |
| **Defendants** | § | **MAVERICK COUNTY, TEXAS** |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER
## AND REQUEST FOR DISCLOSURE

NOW COMES Defendant State Farm Lloyds and files its Original Answer, and would respectfully show as follows:

### I.

Defendant generally denies each and every allegation contained in Plaintiff's Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.

Pursuant to Texas Rules of Civil Procedure, Plaintiff is requested to disclose and serve, within thirty (30) days of service of the Request, the information or material described in Rule 194.2(a) - (l).  Plaintiff shall supplement all disclosures pursuant to TEX. R. CIV. P. 193.5.

### III.

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully prays for a judgment that Plaintiff take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

**Electronically Filed at**
**4/7/2016 9:59:22 AM**
**Leopoldo Vielma, District Clerk**
**Maverick County, Texas**
**By: Veronica Jimenez, Deputy**

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____

Mark A. Lindow
State Bar No. 12367875
Christopher A. Lotz
State Bar No. 24031630
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
mlindow@lstlaw.com
clotz@lstlaw.com

*Counsel for Defendant State Farm Lloyds*


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant State Farm Lloyds' Original Answer and Request for Disclosure was served by facsimile and/or electronic service on the **7** day of **April, 2016**, upon the following counsel of record:

Ben Crowell
SPEIGHTS & WORRICH
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
Telecopier: (210) 495-6790
bcrowell@speightsfirm.com


_____
Mark A. Lindow/ Christopher A. Lotz